SMITH and MARTIN *vs.* KUHL and HEWITT.

1. When a party seeks relief in equity from liability for acts done under his authority, on the ground that the authority was fraudulently obtained, he must show wherein the fraud consists ; the mere allegation of fraud is not sufficient.

2. A, who has had joint business with B, to whom C has lent his notes and checks to be cashed for B's benefit, cannot, on his bringing suit at law against C on such notes and checks of which he has become the owner in his own separate right, be required to plead with B in order that it may appear whether there is not something due from him to B in their joint business which may be applied to the payment of the indebtedness of C to A on the notes and checks. Such is not the object of an interpleader.

On motion to dissolve injunction.

*Mr. A. V. Van Fleet* and *Mr. G. A. Allen,* for the motion.

*Mr. C. Parker,* contra.

THE CHANCELLOR.

This suit is brought to restrain the defendant, Kuhl, from prosecuting against the complainants an action at law, which he has commenced in the Supreme Court of this state against them and the defendant, Hewitt, on two promissory notes made by the complainants in their firm name of Smith and

Martin, each for $250, and payable to the order of Hewitt, and by him endorsed to Kuhl, one dated December 10th, 1869, and payable at three months, and the other dated March 14th, 1869 ; and two bank checks purporting to have been drawn by the complainants in their firm name, on the Union National Bank of Rahway, to the order of Hewitt, one dated December 24th, 1869, for $4000, and the other dated December 30th, 1869, for $2200.  These checks were endorsed by Hewitt, and afterwards by Kuhl, who claims to have endorsed them merely for Hewitt's accommodation, and to have been compelled to pay them after protest.  It is admitted that they have not been paid by the drawers or the bank on which they were drawn, or by Hewitt.  It is admitted, also, that the notes have not been paid.  It was suggested, however, by complainant's counsel on the argument, that one of the notes was given merely in renewal of the other.  The injunction was prayed on the ground that the notes were made and the checks signed merely for Hewitt's accommodation ; that the latter were signed in blank, and delivered to him on an understanding and agreement between the complainants and him, that they were to be filled up only for small amounts, while in fact it appears that, in violation of the agreement, as the complainants allege, they were filled up for large sums ; that the notes and checks were used in the joint business of Hewitt and Kuhl, and therefore the defendant, who was fully cognizant of their character as accommodation paper, ought not to be permitted to enforce payment of them against the complainants ; that Hewitt claims that they have, in fact, been paid by the amount of a mortgage which he executed and delivered in December, 1869, to Kuhl, for $2000, as collateral security for any indebtedness on his part to Kuhl, and which, he alleges, Kuhl assigned away for full value, and by the amount of certain remittances which he claims to have made to Kuhl of money, the proceeds of their joint business in excess of Kuhl's just share of the profits, and that the letter of attorney by the alleged authority of which Kuhl filled up the checks, was fraudulent.

It is unnecessary to consider here so much of the case as rests on the claim of equitable offset in favor of Hewitt against Kuhl in respect of the claim of a balance which, it is alleged, will be found to exist in Hewitt's favor, on an account being had between him and Kuhl of their joint business. That has already been disposed of in the opinion delivered in the suit in this court, brought by Hewitt against Kuhl, to restrain him from prosecuting the suit at law above mentioned, and another one pending in the same court, brought by him against Hewitt on another note and check, made and drawn by him in favor of Kuhl.

It was then held that the bill made no claim of equitable offset which could be entertained. The claim for allowance of the amount of the mortgage was also passed upon. It remains to consider the grounds peculiar to this case. That Kuhl was aware of the character of the notes and checks— that he knew they were accommodation paper, is not denied ; but the answer denies that they were used in the business of Hewitt and Kuhl. It appears from the answer and affidavits, that the checks were used to make Hewitt's account good in the Hunterdon County National Bank for drafts he had made on that bank. Such use was in accordance with the authority given by the letter of attorney. It also appears that the greater part of the amount of these drafts—indeed all of it but about $1500—was received by the complainants themselves, and that another large check, dated December 28th, 1869, for $5200, was, on or about that day, filled up and used for the like purpose, under the like authority, for the benefit of the complainants, who, after it was protested for non-payment, gave their note for the amount of it to the Hunterdon County National Bank, who held it. Kuhl seems to have endorsed these checks without consideration, merely for the accommodation of Hewitt, and in the confidence that they would be duly honored or provided for by Hewitt or the complainants, and to have been compelled to pay them. The notes he discounted for Hewitt. If, as the complainants insist, Kuhl used the notes and checks in the joint business

of himself and Hewitt, the facts can be shown as well on the trial at law as it can be in this court. If one of the two notes was given in renewal of the other, that, also, can be as well shown there as here.

It is urged on behalf of the complainants that, in view of the fact that they insist that the letter of attorney is fraudulent, this court should hold the injunction. But they neither state nor suggest wherein the fraud consists, and for aught that appears, the fraud, if any there be, can be as readily proved at law as it could be in this court. There is still another aspect of the case. The bill prays that Hewitt and Kuhl may be required to interplead in order that an account may be taken of the transactions of their joint business, to the end that it may appear whether there is not a balance due to Hewitt thereupon; that is, the complainants ask that Kuhl may be prevented from prosecuting his suit as against them, until it may be ascertained in this court whether there is not something due to Hewitt from him which may be applied to the debt due to Kuhl from them. This is not the subject of an interpleader, and no such relief can be granted.

The injunction will be dissolved, with costs.